**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Date:  July 24, 2009

Courtroom Deputy:  Nel Steffens
Court Reporter:    Suzanne Claar
Probation Officer: Katrina Devine

**Criminal Action No.  08–cr–00307–REB**

*Parties:*                              *Counsel:*

UNITED STATES OF AMERICA,               Michele Korver

    Plaintiff,

v.

3.  JODI LAUGHNAN,                      Thomas Goodreid

    Defendant.

### SENTENCING MINUTES

**3:32 p.m.     Court in session.**

Appearances of counsel.

Defendant is present on bond.

Court's opening remarks.

Pursuant to 18 U.S.C. § 3552 and Fed.R.Crim.P. 32, the Probation Department has conducted a presentence investigation and has filed a presentence report and addendum.

Counsel for the government confirms that counsel has read the presentence report and addendum.

Counsel for the defendant informs the Court that counsel has read and discussed the presentence report and addendum with the defendant.

Defendant's counsel makes a statement on behalf of the defendant, offers information in mitigation of punishment, comments on the probation officer's sentencing guideline applications and calculations, and comments on matters relating to the appropriate sentence.

Defendant is sworn.

Statement by the defendant.

Statement by counsel for the government.

The Court makes a sentencing statement pursuant to 18 U.S.C. § 3553(c) and enters findings of fact, conclusions of law, judgment of conviction, sentence, and orders.

**IT IS ORDERED** as follows:

1. That the plea agreement of the parties as presented in Court's Exhibits 1 and 2 is formally approved;

2. That the pending motions are resolved as follows:

    - that the **Government's § 5K1.1 Motion for Downward Departure Based on Substantial Assistance**, [#358], filed July 15, 2009, is **GRANTED**;

    - that the government's **Motion to Dismiss Count 1 of the Superseding Indictment as to Defendant Jodi Laughnan**, [#362], filed July 24, 2009, is **GRANTED**; that accordingly, the original Indictment and Count 1 of the Superseding Indictment are dismissed with prejudice as to defendant Jodi Laughnan only;

3. That judgment of conviction under Fed.R.Crim.P. 32(k) is entered on Count 17 of the Superseding Indictment;

4. That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant be sentenced to supervised probation for a term of **three years**;

5. That while on supervised probation, the defendant shall comply with the following conditions of supervised probation:

- all mandatory conditions of supervised probation, prescribed by law at 18 U.S.C. § 3583(d) and USSG §5D1.3(a);

- all standard conditions of supervised probation approved and imposed by this court in all such cases and circumstances; and

- the following explicit or special conditions of supervised probation:

    - that the defendant shall not violate any federal, state, or municipal statute, regulation, or ordinance in any jurisdiction or place where defendant may be during the term of supervised probation;

    - that the defendant shall not possess or use illegally controlled substances;

    - that the defendant shall not possess or use any firearm or destructive device as defined under federal law at 18 U.S.C. § 921;

    - that the defendant shall cooperate in the collection of a sample of defendant's DNA;

    - that the defendant shall submit to one drug test within fifteen (15) days of the formal entry of judgment in this criminal case and thereafter, to at least two periodic tests for the use of controlled substances as directed and determined by the court;

    - that at defendant's expense, the defendant shall, unless then indigent, undergo an alcohol/substance abuse evaluation, and thereafter, at defendant's expense receive any treatment, therapy, counseling, testing or education prescribed by the evaluation or as directed by defendant's probation officer or as ordered by the court; that defendant shall abstain from the use of alcohol or other intoxicants during the course of any such treatment, therapy, counseling, testing, or education; provided, furthermore, that to ensure continuity of treatment, the probation department is authorized to release mental health records and reports of the defendant and the PSR to any person or entity responsible for or involved in the treatment of the defendant;

6. That no fine is imposed;

7. That the defendant shall pay forthwith a special victim's fund assessment fee of $100.00;

8. That an order and judgment of forfeiture shall now enter under Fed. R. Crim. P. § 32.2(b)(3) and 18 U.S.C. § 924(D) as incorporated by 28 U.S.C. § 2461 and 21 U.S.C. § 853 as to Count 26 of the Superseding Indictment; provided furthermore, that as provided by the parties' Plea Agreement in Court's Exhibit 1, the defendant shall forfeit for the benefit of the government, her right, title, and interest, if any, to the property identified and enumerated in the Superseding Indictment at Count 26 in paragraph 2, subparagraphs (a)-(v); and

9. That immediately following the conclusion of this hearing, the defendant shall meet with the probation officer now present in open court to schedule an appointment to read, review, and sign the written conditions of probation required by this court in this sentence.

The Defendant waives formal advisement of appeal.

**3:55 p.m.    Court in recess.**

Total time in court:   00:23

Hearing concluded.